# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BONNIE I. BAUTZ,

         Appellant,

      v.

DEPARTMENT OF THE TREASURY,

         Agency.

DOCKET NUMBER
AT-1221-15-0577-W-1

DATE: April 18, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bonnie I. Bautz</u>, Oak Ridge, Tennessee, pro se.

<u>Danae Remmert</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant, a GS-14 Program Manager, filed an equal employment opportunity (EEO) complaint in 2008, which she amended in 2009 to include a claim that she was denied a career-ladder promotion to a GS-15 in 2008 based on her opposition to discriminatory practices at the agency. Initial Appeal File (IAF), Tab 4 at 24. On February 20, 2012, the parties entered into a settlement agreement, which provided, in pertinent part, that the agency would pay the appellant's attorney fees and compensatory damages, totaling $35,000, and restore 21 days of leave to her account, and that she would withdraw the EEO complaint with prejudice and "abandon any right to pursue any administrative or judicial remedies related to the issues raised in the complaint." IAF, Tab 12 at 18.

¶3 On September 30, 2014, the appellant filed a complaint with the Office of Special Counsel (OSC) in which she alleged that the agency denied her a career-ladder promotion to a GS-15 in 2008 in retaliation for her having reported to the agency's Office of the Inspector General that the then-union president allegedly had falsified his time and attendance records. IAF, Tab 1 at 7-15. On May 1, 2015, OSC notified the appellant that it had closed its investigation into

the matter and that she could seek corrective action from the Board, *id.* at 16-17, which she did.  She requested a hearing before the Board.  *Id.* at 2.

¶4        In response, the agency moved that the appellant's IRA appeal be dismissed for lack of jurisdiction, arguing, inter alia, that the appeal is precluded by the settlement agreement.  IAF, Tab 7.  The appellant disagreed on the basis that OSC's closure letter gave her the right to appeal to the Board, and she questioned the validity of the agreement.  IAF, Tab 12.

¶5        In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 13, Initial Decision (ID) at 1, 7.  He found that the appellant had exhausted her remedy before OSC regarding her whistleblowing claim, ID at 2, but that, to the extent the settlement agreement was not otherwise invalid, the operative clause served to waive Board jurisdiction over this appeal, ID at 2-4.  He then considered, but found unproven, the appellant's claim that the agreement was invalid based on duress and coercion.  ID at 4-7.

¶6        The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded, PFR File, Tab 3, and the appellant has filed a reply thereto,  PFR File, Tab 4.

¶7        In considering the impact of a prior settlement agreement on a pending appeal, the Board will consider the agreement to determine the effect on the Board appeal and any waiver of Board appeal rights, even where, as here, the agreement was reached outside of a Board proceeding.  *Swidecki v. U.S. Postal Service*, 101 M.S.P.R. 110, ¶ 7 (2006).  The appellant may challenge the validity of the settlement agreement if she believes that it was unlawful, involuntary, or resulted from fraud or mutual mistake.  *Id.*, ¶ 13.  She also may challenge the enforceability of any waiver of Board appeal rights.  Such a waiver is enforceable if its terms are comprehensive, freely made, and fair, and execution of the waiver did not result from agency duress or bad faith.  *Id.*, ¶ 17.  The words of a settlement agreement are of paramount importance in determining the parties'

intent when they contracted. *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988).

¶8    The administrative judge found that the appellant's agreement "to abandon any right to pursue any administrative or judicial remedies related to the issues in the [EEO] complaint" was sufficiently broad to constitute a waiver of Board appeal rights in this instance and precluded her from relitigating in any administrative or judicial forum the "issue" here in question, i.e., the agency allegedly denying her a career-ladder promotion to a GS-15, at any time on or before the date of the agreement. ID at 3-4. In her reply to the agency's response to her petition for review, the appellant argues that the authority of the Equal Employment Opportunity Commission (EEOC) is separate from that of OSC. PFR File, Tab 4. Notwithstanding, a complaint filed with the EEOC and an IRA appeal stemming from an OSC complaint are but different procedural avenues to vindicate the appellant's right to challenge the agency's alleged failure to afford her a career-ladder promotion in 2008. To the extent that pursuing this claim through an EEO complaint and an IRA appeal could implicate different rights, the Board has found that any such differences do not significantly alter the nature of the underlying cause of action and do not preclude a finding that a settlement agreement in the former can serve to waive the appellant's right to continue contesting the issue in the latter. *Laity v. Department of Veterans Affairs*, 61 M.S.P.R. 256, 260-63 (1994).

¶9    The appellant has not challenged on review the administrative judge's finding that the language in the settlement agreement here broadly provides for waiving the appellant's Board appeal rights as they relate to the issue raised in her amended EEO complaint, i.e., the agency denying her a career-ladder promotion to a GS-15 in 2008, and we discern no error in that finding. ID at 3; *see Laity*, 61 M.S.P.R. at 263; *see also Vogel v. Department of the Navy*, 106 M.S.P.R. 451, ¶ 5 (2007). That is so even though the operative provision in the settlement agreement did not explicitly refer to the filing of a Board appeal.

*Lee v. U.S. Postal Service*, [111 M.S.P.R. 551](#), ¶ 7 (2009), *aff'd*, 367 F. App'x 137 (2010).

¶10     On review, the appellant renews her argument that the settlement agreement is invalid. PFR File, Tab 1 at 5-9, Tab 4 at 7-9; IAF, Tab 12 at 13-14. She alleges that she accepted the terms because of the coercive acts of the agency representative and was allowed no other alternative except to accept and sign the settlement that day, PFR File, Tab 1 at 5, even though the agreement itself provided that she had 21 days to consider it and 7 days to revoke it, *id.* at 5-6. She contends that the agency representative did not explain the time frames regarding the settlement and that her attorney stated simply that the language is "boilerplate." *Id.* at 6, PFR File, Tab 4 at 8. She also argues that she received no additional consideration in exchange for the waiver.[2] PFR File, Tab 1 at 6-7. Finally, the appellant argues that her attorney pressured her into signing the agreement by stating that, if she decided to revoke it, he would no longer represent her. *Id.* at 10, PFR File, Tab 4 at 9. With her petition for review, the appellant has submitted copies of emails exchanged between her and her attorney during the days following her signing of the agreement. PFR File, Tab 4 at 9-13.

---

[2] These claims relate to a series of provisions in the settlement agreement pursuant to which the appellant agreed to waive any rights or claims under the Age Discrimination in Employment Act (ADEA) provisions, which purport to comply with the requirements of the Older Workers Benefit Protection Act of 1990 concerning waivers of age discrimination claims under the ADEA. IAF, Tab 12 at 19-20. The appellant acknowledges, however, that her claim had nothing to do with the ADEA, PFR File, Tab 1 at 12, and she does not suggest, nor does it otherwise appear, that she raised an age discrimination claim in connection with this matter. Nor would she have been able to, since the Board lacks jurisdiction to adjudicate the merits of a personnel action at issue in an IRA appeal and lacks the authority to decide, in conjunction with an IRA appeal, the merits of an appellant's allegation of prohibited discrimination. *Newcastle v. Department of the Treasury*, [94 M.S.P.R. 242](#), ¶ 12 (2003). As the appellant's attorney explained, the ADEA is applicable to all agreements for employees over age 40. PFR File, Tab 1 at 9. For these reasons, we find misplaced the appellant's reliance on the provisions of the settlement agreement related to the ADEA to support her claim that the agreement is itself invalid.

¶11     In deciding whether the appellant freely and voluntarily entered into the settlement agreement, the Board will consider whether she was represented, whether she has demonstrated that she was mentally impaired when the agreement was reached, and whether she has otherwise shown that she was unable to understand the nature of the settlement agreement fully. *Swidecki*, 101 M.S.P.R. 110, ¶ 17. Here, the appellant was represented by counsel during settlement negotiations, and both she and her attorney signed the settlement agreement. IAF, Tab 12 at 21. Such representation is significant in determining the validity of an appeal-rights waiver. *Clede v. Department of the Air Force*, 72 M.S.P.R. 279, 285 (1996), *aff'd*, 113 F.3d 1257 (Fed. Cir. 1997) (Table). The agreement specifically provided that the appellant and the agency entered into it voluntarily, without coercion or duress. IAF, Tab 12 at 18. The appellant has not alleged that she suffered from any mental impairment when she signed the agreement, although she argues that she was under duress, stressed, exhausted, and fatigued, and that she felt pressured, hammered, and trapped. PFR File, Tab 1 at 11-13. Notwithstanding, there is evidence that the appellant did not wish to revoke the agreement.[3] IAF, Tab 12 at 30, 33. While she noted below that she felt she had no recourse but to sign the agreement because she "really could not afford to not have [her] lawyer's fees paid," *id*. at 16, it is well settled that having to choose between unpleasant alternatives does not render the resulting choice involuntary, *Soler-Minardo v. Department of Defense*, 92 M.S.P.R. 100, ¶ 5 (2002).

¶12     In sum, we agree with the administrative judge that the settlement agreement reached in the appellant's EEO complaint is valid, that the appellant knowingly and voluntarily signed it, and that she thereby waived her Board appeal rights to pursue this IRA appeal. Accordingly, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

---

[3] Pursuant to the parties' agreement, however, and based on the appellant's wishes, the agreement was amended by deleting and rewriting a provision. IAF, Tab 4 at 11.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is

available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.